# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60019
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 20, 2018

Lyle W. Cayce
Clerk

DENNIS PIERCE, INCORPORATED; PIERCON, INCORPORATED,

Plaintiffs - Appellees

v.

LETITIA PIERCE; LETITIA PIERCE, doing business as Pierce Creative
Marketing Service,

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:16-CV-102

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

This case is an intellectual property dispute among siblings. From 1993 to 1994, Letitia Pierce[1] worked for her brother Dennis Pierce's intertwined companies, Dennis Pierce, Inc. ("DPI"), and Piercon, Inc. During that time, she created a logo that DPI and Piercon have used since. At some point, another of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The other defendant in this case, Letitia Pierce, Inc., is Letitia Pierce's sole proprietorship. This opinion does not distinguish between them. We refer to the individual witnesses and their parties by their first names, since they share a last name.

No. 18-60019

Dennis's companies, Pierce Realty, Inc., began to use the logo. Darian Pierce, Dennis and Letitia's brother, worked for Pierce Realty. After a falling out over the management of the company, Dennis transferred ownership to Darian in 2015.[2] Darian continued to use the logo for some time. To protect the logo, DPI and Piercon applied for a trademark. After receiving their trademark registration, they sent a cease-and-desist letter to Pierce Realty. Letitia responded in kind with a cease-and-desist letter of her own demanding cancellation of the trademark.

The feuding siblings then decided, literally, to make a federal case out of it. Letitia's letter provoked DPI and Piercon to file this lawsuit, seeking declaratory judgments of rightful ownership of the logo, valid trademark registration, and non-infringement. Letitia parried with a defense of fraudulent trademark registration and a counterclaim for copyright infringement. The district court granted summary judgment in DPI and Piercon's favor as to their claim that they did not infringe Letitia's trademark rights. During trial, the district court granted judgment as a matter of law ("JMOL") in favor of DPI and Piercon as to their remaining claims. Finally, a jury returned a verdict in DPI and Piercon's favor as to Letitia's counterclaim. Final judgment was entered, and this appeal followed.

DPI and Piercon assert that we lack jurisdiction to review the summary judgment order. They observe that the notice of appeal names only the final judgment, orders relating to jury instructions, and the JMOL order. It is true that we lack jurisdiction if the plaintiff fails to specify the "judgment, order, or part thereof being appealed." *United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 327 (5th Cir. 2016) (quoting Fed. R. App. P. 3(c)). "[B]ut we 'construe a notice of appeal liberally to avoid technical barriers to review.'" *Id.*

---

[2] According to Dennis's unrebutted testimony at trial, Pierce Realty had no going-concern value and the transfer was a gift.

No. 18-60019

(quoting *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 884 (5th Cir. 1998)). An order designating the final judgment confers jurisdiction as to "any prior orders leading up to it," even if the notice designates specific orders in addition to the final judgment. *See id.*; *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 348-49 (5th Cir. 1989). The notice of appeal here designates the final judgment, and, thus, we have jurisdiction to review the grant of summary judgment.

We review a summary judgment order de novo. *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013). Summary judgment is warranted if there is no genuine dispute of material fact. Fed. R. Civ. P. 56(a). Letitia created the logo while she was an employee of DPI and Piercon, which have used it for decades since. She admitted that she has never used the logo for a commercial purpose, except as an example in her design portfolio. Letitia has therefore failed to offer any evidence of ownership through commercial use. *See Union Nat. Bank of Tex., Laredo v. Union Nat. Bank of Tex., Austin*, 909 F.2d 839, 842 (5th Cir. 1990). Letitia's sole contention on appeal is that she licensed the logo to DPI and Piercon, making use unnecessary. But she has not established initial ownership of the logo, such that she would have the right to license it. Beyond baldly asserting the existence of a license, she has pointed to no evidence in the summary judgment record of a licensing agreement or an "implied license" based on the parties' dealings. *See Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1076 (5th Cir. 1997). Indeed, all of the evidence belies her claims. She received no additional consideration (beyond her pay as an employee) for creating the logo. And she made no effort to exercise control over DPI and Piercon's use of the mark. *Cf.* 3 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* §§ 18:42, 18:43.50, Westlaw (database updated June 2018) (noting that a licensor has a duty to control the licensee's use). In short, there is no evidence of ownership or a licensing arrangement.

3

No. 18-60019

We also review the district court's grant of JMOL de novo. *EMJ Corp. v. Hudson Specialty Ins. Co.*, 833 F.3d 544, 547 (5th Cir. 2016). JMOL is appropriate when there is insufficient evidence for a reasonable jury to find in a party's favor. *Id.* To disprove the presumptive validity of the trademark, *see* 15 U.S.C. § 1115(a), Letitia relied on a defense of fraudulent registration. "To succeed on a claim of fraudulent registration, the challenging party must prove by clear and convincing evidence that the applicant made false statements with the intent to deceive the licensing authorities." *Meineke Disc. Muffler v. Jaynes*, 999 F.2d 120, 126 (5th Cir. 1993). Letitia points to Dennis's awareness that Pierce Realty was using the logo. In her view, that shows that he lied when he swore in his application that no other party had the right to use the logo. But Dennis explained at trial that he believed that Pierce Realty had no right to use the logo. According to his unrebutted testimony, he sought trademark protection precisely to stop that use. Moreover, DPI and Piercon introduced emails showing that when Dennis transferred Pierce Realty to Darian, they agreed that the "[o]nly asset that goes with [the] Corporation is [the] RV" out of which it was operating. [3] Against this, Letitia offers only a tenuous inference built upon Dennis's knowledge that Pierce Realty was using the logo. *Cf. Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1366 (Fed. Cir. 2008) (holding that intent may be proven circumstantially, "[b]ut such evidence must still be clear and convincing, and inferences drawn from lesser evidence cannot satisfy the deceptive intent requirement"). As a result, Letitia has failed to prove fraudulent intent by clear and convincing evidence.

---

[3] Letitia invokes the parol evidence rule, arguing that we may not consider these emails. That confuses the issues. Letitia's accusation of fraud put Dennis's intent in issue. *See Meineke Disc. Muffler*, 999 F.2d at 126. The emails were relevant and admissible to prove that Dennis did not believe that the transfer of Pierce Realty to Darian included a right to use the logo.

No. 18-60019

For the foregoing reasons, we AFFIRM.[4]

---

[4] Letitia does not mention her copyright infringement claim on appeal and has thus abandoned it. *See Yohey v. Collins*, 985 F.2d 222, 224 (5th Cir. 1993).